UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas A. Kelley, in his Capacity as the PCI Liquidating Trustee for the PCI Liquidating Trust,<br><br>     Plaintiff,<br><br>v.<br><br>Gus Boosalis,<br><br>     Defendant. | Case No: 18-cv-00868-SRN-TNL<br><br><br>**DEFENDANT'S BRIEF RE:  PREDICATE CREDITOR REQUIREMENT** |

[¶1] Pursuant to the Court's directive given at the Pre-trial Conference held on November 16, 2018, with respect to the Predicate Creditor Requirement, Defendant sets forth the following as its basis to require the Trustee to prove, in accordance with relevant law, that it can meet the predicate creditor requirement to avoid the transfers under both actual and constructive fraud theories as alleged in their Second Amended Complaint.

**A.  Predicate Creditors**

[¶2] To prevail on both his claims for actual fraud and constructive fraud under the Minnesota Uniform Fraudulent Transfer Act ("MUFTA"), M.S.A. §§ 513.41 *et seq.*, the Trustee must prove the existence of a creditor who could avoid the transfers at issue. Indeed, for a trustee to avoid a transfer by a debtor, there must be an actual "creditor

Page 1 of 8

holding an unsecured claim that is allowable under section 502 . . . or that is not allowable only under section 502(e)" against the debtor. 11 U.S.C. § 544(b)(1).

[¶3]   Courts within the Eighth Circuit have described The Predicate Creditor Requirement as follows::

> "[T]he existence of a predicate creditor and its position at the relevant date will determine whether a trustee even has the right to avoid a particular transfer."

*In re Petters Co., Inc., 495 B.R. 887, 895 (Bankr.D.Minn.2013)*.

> "To exercise her § 544(b)(1) avoidance power, the trustee must show that the transfer is voidable under state law by at least one unsecured creditor of the bankruptcy estate with an allowable claim."

*Id.*

### i.   Predicate Creditor as it relates to Trustee's Claims for both Actual and Constructive Fraud.

[¶4]   Section 544(b) requires both satisfaction of the requirements of the applicable state law and the additional requirement that for any avoidance of a transfer under this section the trustee must show that there is "a creditor holding an unsecured claim that is allowable under section 502 of this title...." Section 502 adds a timing reference, that is, the creditor must be holding the claim as of the date of the filing of the petition. Taken together, these requirements are often referred to as the predicate creditor requirement, and they have been discussed at length by various courts. *In re Goodspeed*, 535 B.R. 302, 306–07 (Bankr. D. Minn. 2015).

[¶5]   In Mr. Boosalis' case, given the alleged transactions took place from approximately 1997 to 2001, as alleged in Trustees Complaint, to the extent that the

Trustee seeks to have the statute of limitations of Minn.Stat. § 541.05, Subd. 1(6) eased by the application of the discovery allowance, Trustee must plead that his predicate creditor did not know of or discover the fraud of the Petters scheme at any time until within the six years before the date on which the bankruptcy petition was filed for the relevant Debtor. He must also plead the specific facts that prevented the predicate creditor from obtaining such knowledge and from discovering the fraud." *In re Petters Co., Inc.*, 495 B.R. 887, 904 (Bankr. D. Minn. 2013), *as amended* (Aug. 30, 2013).

[¶6]   In *In re Goodspeed*, the Court discusses the crucial element of establishing a predicate creditor, starting out with the observation that based on the fact Trustee's generalized pleadings were "insufficient to establish the existence of a predicate creditor and were denied in the answer. *See e.g., In re Petters,* 495 B.R. 887, 895–901 (Bankr.D.Minn.2013). Had a Rule 12(b)(6) motion to dismiss been brought, with nothing more, it likely would have been granted." The Court further states that "[t]he parties' pre-trial stipulation also does not identify with particularity any creditors of the debtor as of the time of his bankruptcy petition filing."[1]  The court further holds that "[m]oreover, nothing was expressly presented and argued at trial specifically to demonstrate the existence of a named, qualified predicate creditor of the debtor, as of the time of the petition, to satisfy these requirements." *Id.*

---

[1] Plaintiff Trustee in this case has set forth a similar proposed stipulation, where no specific creditor is identified.

[¶7] Under these requirements, it is necessary for the Trustee in this case to prove at trial the existence of a specific predicate creditor, and why such predicate creditor is qualified. *In re G-I Holdings, Inc.*, 313 B.R. 612, 632–33 (Bankr. D.N.J. 2004) ("The trustee . . . bears the burden of proving the existence of a qualified unsecured creditor" for the purposes of standing under § 544(b)(1)."); *accor*d *In re Marlar*, 267 F.3d 749, 753 (8th Cir. 2001); *In re Goldstein*, 194 B.R. 1, 2–3 (Bankr. D. Mass. 1996); *see also, Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1147 (C.D. Cal. 2003) ("[B]efore a trustee is able to utilize applicable state or federal law referred to in Section 544(b), there must be an allegation and ultimately a proof of the existence of at least one unsecured creditor of the Debtor who at the time the transfer occurred could have, under applicable local law, attacked and set aside the transfer under consideration.") Further, given the Trustee's past issues with the statute of limitations on these cases, he must plead prove that the predicate creditor did not know of the fraud at anytime until within six years before the date on which the bankruptcy petition was filed. M.S.A. § 541.05 1(6).

### ii. Constructive Fraud Claims under 513.45(a)

[¶8] Further, under Plaintiff's constructive fraud claims, as set forth under MUFTA Section 513.45(a), there is also a requirement that the predicate creditor held a claim on both the petition date as well as the transfer date in question. Defendant notes that Trustee has never identified a predicate creditor that meets these requirements regarding their claims under 513.45(a), relating to Count I

[¶9]   Indeed, in *In re Sandburg Mall Realty Mgmt. LLC*, 563 B.R. 875, 896–97 (Bankr. C.D. Ill. 2017), the U.S. District Court for the Central District of Illinois, the Courtanalyzing the standing requirements of a claim for constructive fraud under a similar fraudulent transfer statute, the Uniform Fraudulent Transfer Act ("UFTA"), 740 ILCS 160/1, stated held that under a trustee must prove that a predicate creditor had a claim on the date of the transfer and on the date the bankruptcy petition was filed. *In re Sandburg Mall*, *supra* ("For purposes of the cause of action asserted [for constructive fraud], the predicate creditor must have held a claim on both the transfer date and the petition date.")

[¶10]  In *In re Sandburg Mall Realty Mgmt. LLC*, 563 B.R. 875, 896–97 (Bankr. C.D. Ill. 2017), the Court stated that under "UFTA section 6, which accords standing only to a creditor whose claim arose before the challenged transfer. For purposes of the cause of action asserted under that section, the predicate creditor must have held a claim on both the transfer date and the petition date." *Id.*

[¶11]  As stated, it is unclear if the trustee can set forth the predicate creditor regarding these claims under a constructive fraud theory.  It seems that at the very least, that the Trustee will need to set forth two predicate creditors to meet these requirements, unless they want to abandon some of their claims.

### iii.   Necessity of the Predicate Creditor

[¶12] Given the aforementioned, the Trustee in this case, must, at a minimum, establish the requirements of a predicate creditor under both their actual and constructive fraud claims.  It is the Trustee's burden to do so.  They have brought this case against the

defendant. It is the Trustee's burden to do so. *In re G-I Holdings, Inc.*, 313 B.R. 612, 632–33 (Bankr. D.N.J. 2004) ("[t]he trustee . . . bears the burden of proving the existence of a qualified unsecured creditor" for the purposes of standing under § 544(b)(1).) *accor*d *In re Marlar*, 267 F.3d 749, 753 (8th Cir. 2001); *In re Goldstein*, 194 B.R. 1, 2–3 (Bankr. D. Mass. 1996).

[¶13] Further, the Trustee must establish that the creditor they chose did not have knowledge of the fraud within the six years before the date on which the bankruptcy petition was filed for the relevant Debtor and he must also plead the specific facts that prevented the predicate creditor from obtaining such knowledge and from discovering the fraud. *See*, *In re Petters Co., Inc.*, 495 B.R. 887, 904 (Bankr. D. Minn. 2013), *as amended* (Aug. 30, 2013); M.S.A. § 541.05 1(6)..

[¶14] Plaintiff sets forth several predicate creditors in his Second Amended Complaint, of which only a few have specific facts plead that arguably demonstrate the creditor did not know or was not complicit in the fraud. Further, the Trustee does not identify any relevant dates in their pleadings that show when any of their predicate creditors were lending or investing with PCI, nor do they relate the predicate creditors dates of involvement to any of the transfers to or from the defendant. The Trustee must identify one, and then prove the requisite elements, or their his case is subject to dismissal.

[¶15] Plaintiff misunderstands the requirement of a predicate creditor. Defendant is not seeking information as to why their predicate creditor, who is assuredly Interlachen, did not know about the fraud for the six years prior. Defendant is merely

requiring Plaintiff to prove this element at trial, including the fact that their predicate creditor did not know about the fraud. As stated before, this information is a double-edged sword for the Trustee, and is the assumed reason they are asking to have a crucial element of proving their case waived. Doing so would be absolutely prejudicial to the Defendant.

[¶16]   This issue needs to be presented to the jury.  Given the severity necessity of the predicate creditor requirement and given that the failure to prove this element is fatal to Plaintiff's case, Defendant cannot stipulate to waiving proof of said requirement at trial. *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1147 (C.D. Cal. 2003) ("[B]efore a trustee is able to utilize applicable state or federal law referred to in Section 544(b), there must be an allegation and ultimately a proof of the existence of at least one unsecured creditor of the Debtor who at the time the transfer occurred could have, under applicable local law, attacked and set aside the transfer under consideration.")

Dated: November 20, 2018          By:     /s/ Mark A. Schwab
                                                                               Mark A. Schwab (ND#08132)
Daniel J. Frisk (ND#05109)
SCHWAB THOMPSON & FRISK
820 34th Avenue East, Suite 200
West Fargo, ND 58078
701-365-8088
701-540-9751 (Fax)
mark@stflawfirm.com
dan@stflawfirm.com
*Pro Hac Vice*

AND

By: /s/ Don R. Grande
Don R. Grande (MN#391785)
DON R. GRANDE, P.C.
820 34th Avenue East, Suite 200
West Fargo, ND 58078
701-365-8088
701-540-99751(Fax)
don@dongrandelaw.com
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I certify that on the 20th day of November, 2018, I caused the foregoing document to be filed electronically with the Clerk of the United States District Court, District of Minnesota, through ECF, and that ECF will send an e-notice of the electronic filing to all persons and entities on file with the Court's ECF system.

Dated: November 20, 2018     By: /s/ Mark A. Schwab
                                  Mark A. Schwab (ND#08132)

                             By: /s/ Don R. Grande
                                  Don R. Grande (MN#391785)