UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas A. Kelley, in his Capacity as the PCI Liquidating Trustee for the PCI Liquidating Trust,<br><br>      Plaintiff,<br><br>v.<br><br>Gus Boosalis,<br><br>      Defendant. | Case No. 0:18-cv-00868 (SRN/TNL)<br><br>**ORDER ON POST-TRIAL MOTIONS** |

John R. Marti, Andrew B. Brantingham, Christina Hanson, and J. David Jackson, Dorsey & Whitney LLP, 50 South 6th Street, Suite 1500, Minneapolis, Minnesota 55402, for Plaintiff Douglas A. Kelley, in his Capacity as Trustee for the PCI Liquidating Trust.

Daniel J. Frisk and Mark A. Schwab, Schwab, Thompson & Frisk, 820 34th Avenue East, Suite 200, West Fargo, ND, 58078; Don R. Grande, Don R. Grande, PC, 2700 12th Ave. So., Suite A, Fargo, ND 58103, for Defendant Gus Boosalis.

SUSAN RICHARD NELSON, United States District Judge

      Plaintiff Douglas A. Kelley, in his Capacity as the PCI Liquidating Trustee for the PCI Liquidating Trust ("the Trustee") asserted fraudulent transfer claims against Defendant Gus Boosalis under provisions of the U.S. Bankruptcy Code, 11 U.S.C. §§ 544(b), 550, 551, 1106, and the Minnesota Uniform Fraudulent Transfer Act, (the "MUFTA"), Minn. Stat. §§ 513.41–.51.

      Before the Court are Defendant's Motion to Set Aside the Verdict as a Matter of Law and Request for a New Trial [Doc. No. 107] and Plaintiff's Motion for Prejudgment

1

Interest [Doc. No. 104]. For the reasons set forth herein, Defendant's motion is denied and Plaintiff's motion is granted.

## I. DISCUSSION

### A. Defendant's Motion to Set Aside the Verdict

This matter was tried to an eight-person jury on November 26–30, 2018 and December 4, 2018. The jury heard testimony from eight witnesses and over 175 exhibits were received into evidence. After deliberating for approximately three hours on December 4, 2018, the jury concluded that the Trustee had proved his claims. In particular, with respect to the claim regarding actual fraudulent transfers, the jury found that: (1) the Trustee had established by a preponderance of the evidence that Petters Company, Inc. made one or more interest payments to Boosalis with the intent to hinder, delay, or defraud any of its creditors; (2) Boosalis did not prove by a preponderance of the evidence the affirmative defense that he received the payments in good faith and in exchange for reasonably equivalent value; and (3) the total dollar value of the interest payments resulting from the actual fraudulent transfers was $3,502,455.00. (Redacted Jury Verdict at 2 [Doc. No. 116].)

With respect to the Trustee's constructive fraudulent transfer claim, the jury found that the Trustee proved by a preponderance of the evidence that: (1) Petters Company, Inc. made interest payments to Boosalis; and (2) Petters Company, Inc. did not receive reasonably equivalent value in exchange for the interest payments paid to Boosalis. (*Id.* at 3.) In addition, the jury found that the Trustee proved by a preponderance of the evidence that at the time the transfers were made: (1) Petters Company, Inc. was engaged or was

about to engage in a business or a transaction for which Petters Company, Inc.'s remaining assets were unreasonably small in relation to the business or transaction; and/or (2) Petters Company, Inc. intended to incur, or believed or reasonably should have believed it would incur, debts beyond Petters Company, Inc.'s ability to pay as they became due. (*Id.*) The jury found that the total dollar value of the interest payments for which the Trustee established constructive fraudulent transfer was $3,502,455.00. (*Id.*)

Prior to the submission of the case to the jury, Defendant moved for judgment as a matter of law, which this Court denied. (*See* Nov. 30, 2018 Minutes [Doc. No. 109].) Pursuant to Federal Rule of Civil Procedure 50(b), he now renews his motion. (*See* Def.'s Mem. Supp. Mot. at 1–3 [Doc. No. 108].) In the alternative, under Rule 59, he moves for a new trial. (*Id.*)

In analyzing a renewed motion for judgment as a matter of law under Rule 50(b), the Court must consider the legal question of whether the evidence sufficiently supports the jury's verdict. *White v. Pence*, 961 F.2d 776, 779 (8th Cir. 1992). In doing so, the Court is to analyze the evidence in the light most favorable to the prevailing party, without weighing or evaluating the evidence or considering witnesses' credibility. *Id.* In order to succeed on a post-trial motion for judgment as a matter of law, "all the evidence must point one way and be susceptible of no reasonable inference sustaining the position of the nonmoving party." *Id.*

The Court is thoroughly familiar with the evidence presented in this case and finds that the verdict is well-supported by the evidence. Witness testimony and exhibits sufficiently supported the jury's finding that the Trustee proved his claims of actual and

constructive fraud in the amount determined by the jury. Defendant has not met the standard for judgment as a matter of law under Rule 50.

As to Defendant's alternative request for a new trial, Rule 59(a)(1) provides that the Court "may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1). The "key question" which the Court must consider is whether retrial is necessary "to avoid a miscarriage of justice," *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir. 1994), due to legal errors made during the trial or because the verdict goes against the weight of the evidence. *White*, 961 F.2d at 780. In contrast to a motion brought under Rule 50(b), under Rule 59, the district court may rely on its own reading of the evidence, including by weighing the evidence and considering the credibility of witnesses. *Id.*

Boosalis contends that the verdict here was against the weight of the evidence. Again, the Court finds that the verdict is well-supported by the evidence and a new trial is not warranted in order to avoid a miscarriage of justice. For these reasons, Defendant's motion is denied.

### B. Plaintiff's Motion for Prejudgment Interest

The Trustee seeks an order granting him pre-judgment interest on the damages award of $3,502,455.00 at the rate of 10% per annum pursuant to Minn. Stat. § 549.09, calculated from September 23, 2010—the date the adversary proceeding was commenced against Boosalis in Bankruptcy Court. Plaintiff argues that the substantive basis for his claims arose under Minnesota state law, specifically, the MUFTA, and therefore,

prejudgment interest is governed by state law. (Pl.'s Mem. Supp. Prejudgment Int. at 2 [Doc. No. 105].)

"Generally, the award of prejudgment interest, in the absence of statutory directives, rests in the discretion of the district court." *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 313 F.3d 1087, 1093 (8th Cir. 2002) (citing *Cargill, Inc. v. Taylor Towing Serv., Inc.*, 642 F.2d 239, 242 (8th Cir. 1981)). Courts regularly award prejudgment interest "whenever damages lawfully due are withheld, unless there are exceptional circumstances to justify the refusal." *Id.*

In making a determination regarding the applicable rate of prejudgment interest, federal courts look to federal law in cases arising under federal law, *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1330 (8th Cir. 1995), and state law in cases arising under state law. *See Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 146 (1st Cir. 2009) (*citing Blockel v. J.C. Penney Co.*, 337 F.3d 17, 29 (1st Cir. 2003)).

Prior to the transfer of this case from Bankruptcy Court, the Trustee moved for summary judgment on the question of his right to prejudgment interest, which Bankruptcy Court Judge Kathleen Sanberg denied as premature. (*See Kelley v. Boosalis*, Adv. No. 10-4247 (Bankr. D. Minn. Oct. 19, 2016 [ECF 49 at 8–10]).) In her analysis, Judge Sanberg noted a lack of binding Eighth Circuit authority, as well as a split of authority among other courts, as to whether federal or state law governs the award of prejudgment interest in cases such as this, involving both state and federal claims. (*Id.* at 6) (*Comparing In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 710 (11th Cir. 2005); *LaSalle Nat'l Bank Ass'n v. Paloian*, 406 B.R. 299, 363 (N.D. Ill. 2009), *vacated and remanded*, 619 F.3d 688 (7th Cir.

5

2010), *with In re Agric. Research & Tech. Group*, 916 F.2d 528, 541 (9th Cir. 1990); *In re Keefe*, 401 B.R. 520, 527 (B.A.P. 1st Cir. 2009)).

The Court finds persuasive the reasoning in *In re Keefe*, 401 B.R. at 527, regarding the determination of whether state or federal law governs the rate of prejudgment interest. As is the case here, *In re Keefe* involved claims brought under 11 U.S.C. §§ 554(b) and 550 of the Bankruptcy Code and the state fraudulent transfer law of the state in question, Massachusetts. *Id.* The court observed that § 554(b) simply offered the means by which the trustee could assert his Massachusetts fraudulent transfer claim and § 550 merely identified the entities from whom recovery could be made. *Id.* The court found that the Massachusetts fraudulent transfer statute, however, provided the substantive basis for the trustee's judgment, and therefore applied the state law prejudgment interest rate to the trustee's damages award. *Id; see also In re Agric. Research*, 916 F.2d at 541 ("Hawaii law regarding prejudgment interest is applicable via 11 U.S.C. § 544(b)); *In re Burghoff*, 374 B.R. 672, 680 (Bankr. N.D. Iowa 2007) ("When a bankruptcy court adjudicates a state law claim, the court applies state law regarding prejudgment interest.").

The same is true with respect to the claims here. The provisions of the Bankruptcy Code provided the means by which the Trustee could assert his substantive, Minnesota state law claims. Moreover, the determination that state law supplied the substantive basis for the Trustee's claims is consistent with the Court's jury instructions, which specifically referenced the MUFTA and provided the law pursuant to that statute. (*See* Final Jury Instr. Nos. 9, 16, and 19 [Doc. No. 111]) (instructing the jury on the claims and defenses under the MUFTA).

6

Subject to limited exceptions that are inapplicable here, Minn. Stat. § 549.09 provides for a 10% rate of interest, per year, computed from the time of the commencement of the action or a demand for arbitration, or the time of a written notice of claim, whichever occurs first, on all damage awards over $50,000. Minn. Stat. § 549.09, subd. 1.[1] The Summons in this case was issued to Defendant on September 23, 2010, (*see Kelley v. Boosalis*, Adv. No. 10-4247 (Bankr. D. Minn. Sept. 23, 2010 [ECF 2])), which, the Court finds, constitutes the time of commencement of the action. *See* Minn. Stat. § 549.09, subd. 1(b). Therefore, the Trustee is granted an award of prejudgment interest from Defendant on the amount of $3,502,455.00 at the rate of 10% per annum from September 23, 2010 until final judgment is entered.

Such an award is an appropriate exercise of the Court's discretionary authority. The Court is mindful of the fact that "awarding prejudgment interest is intended to serve at least two purposes: to compensate prevailing parties for the true costs of money damages incurred, and, where liability and the amount of damages are fairly certain, to promote settlement and deter attempts to benefit unfairly from the inherent delays of litigation." *Val-U Const. Co. of S. D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 582 (8th Cir. 1998) (citing *Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 752 (8th Cir. 1986)). Noting the

---

[1] When Judge Sanberg considered the prejudgment interest issue, she noted that under federal law, the Bankruptcy Code has no provision for awarding prejudgment interest, although courts have found such authority is implied in 11 U.S.C. § 550(a). (*Kelley v. Boosalis*, Adv. No. 10-4247 (Bankr. D. Minn. Oct. 19, 2016 [ECF 49 at 7–8]).) Absent an applicable federal statute addressing prejudgment interest, Judge Sanberg stated that the question of whether and how to award prejudgment interest is in the court's sound discretion. (*Id.* at 8.)

lost use of money, the Minnesota Court of Appeals recently affirmed an award of post-judgment interest under Minn. Stat. § 549.09 in a Ponzi scheme claw back action, stating:

> [I]nterest is the payment for the lost use of money. *See Thompson v. Gasparro*, 257 N.W.2d 355, 356 (Minn. 1977). The non-victim participants gained more from the Ponzi scheme than what they had initially paid into it. The district court allowed the receiver to claw back only the funds in excess of their initial investment to compensate the victim participants. The non-victim participants had the use of their initial investment money during the entire duration of this case. It was only the victim participants who lost their use of their principal investment during the period of time they were waiting to be reimbursed by the receiver.

*Cmty. First Bank v. First United Funding, LLC*, No. A17-2076, 2018 WL 4558213, at *4 (Minn. Ct. App. Sept. 24, 2018). Here, the Trust established at trial that Defendant had the use of false profits since approximately 2001, while the victims of the Ponzi scheme have lost their principal investments. An award of prejudgment interest is appropriate in this case.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Set Aside the Verdict as a Matter of Law and Request for a New Trial [Doc. No. 107] is **DENIED**;

2. Plaintiff's Motion for Prejudgment Interest [Doc. No. 104] is **GRANTED**;

   a. Plaintiff is entitled to recover prejudgment interest from Defendant on the amount of $3,502,455.00 at the rate of 10% per annum from September 23, 2010 until final judgment is entered; and

   b. Plaintiff shall promptly file with this Court its calculation of the appropriate award of prejudgment interest pursuant to this Order so that the Court can enter final judgment in this matter.

December 7, 2018                              s/Susan Richard Nelson
                                              Susan Richard Nelson
                                              United States District Judge