# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas A. Kelley, in his Capacity as the PCI Liquidating Trustee for the PCI Liquidating Trust,<br><br>    Plaintiff,<br><br>v.<br><br>Gus Boosalis,<br><br>    Defendant. | Case No. 18-cv-868 (SRN/TNL)<br><br><br>**ORDER RE: REGISTRATION OF JUDGMENTS** |

John R. Marti, Andrew B. Brantingham, J. David Jackson, Lucas J. Olson, and Payton E. George, Dorsey & Whitney LLP, 50 South 6th Street, Suite 1500, Minneapolis, Minnesota 55402, for Plaintiff Douglas A. Kelley, in his Capacity as Trustee for the PCI Liquidating Trust.

Mark K. Thompson, MKT Law, PLC, 4927 34th Avenue South, 100 Nokomis Professional Building, Minneapolis, MN 55417; Daniel J. Frisk and Mark A. Schwab, Schwab, Thompson & Frisk, 820 34th Avenue East, Suite 200, West Fargo, ND, 58078; and Don R. Grande, Don R. Grande, PC, 2700 12th Avenue South, Suite A, Fargo, ND 58103, for Defendant Gus Boosalis.

SUSAN RICHARD NELSON, United States District Judge

28 U.S.C. § 1963 provides that "[a] judgment in an action for the recovery of money . . . entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal *or* when ordered by the court that entered the judgment for good cause shown." With respect to the latter situation, courts will most often find "good cause" when evidence of a judgment creditor's *lack* of assets in the

judgment District is juxtaposed with evidence of a judgment creditor's *ownership* of assets in *other* Districts. *See, e.g.*, *Residential Funding Co. v. Terrace Mortg. Co.*, No. 09-cv-3455 (SRN/AJB), 2013 WL 235905, at *1-2 (D. Minn. Jan. 22, 2013). Courts will also find good cause when a judgment creditor has neither requested a "stay pending appeal" nor posted a "supersedeas bond." *Ventura v. Kyle*, No. 12-cv-472 (RHK/JJK), 2015 WL 12832722, at *2 (D. Minn. Mar. 16, 2015).

Here, the Trustee moves to register the relevant judgments entered by this Court on December 11, 2018 (damages), and February 19, 2019 (costs), which collectively total over $6.3 million, while this case is pending on appeal before the Eighth Circuit. (*See Kelley v. Boosalis*, No. 19-1079 (filed Apr. 9, 2019).)[1] The Trustee submits that "good cause" exists because of three facts: (1) according to Boosalis's most recent financial disclosure forms, Boosalis does *not* hold Minnesota-based assets that come anywhere close to securing a $6.3 million judgment; (2) according to those same forms, along with Boosalis's most recent tax return, Boosalis *does* hold assets in the states of California, North Dakota, Arizona, Nevada, Texas, Michigan, North Carolina, Tennessee, Georgia, and Colorado, all of which could help satisfy that judgment[2]; and (3) Boosalis "has not filed a bond or other security for the Judgments pursuant to Fed. R. Civ. P. 62(b), nor has he requested a stay of enforcement of the Judgments from this Court or the Eighth Circuit

---

[1] The Court independently notes that it maintains jurisdiction over this motion, pending appeal notwithstanding. *See Ventura*, 2015 WL 12832722, at *1 n.1.

[2] Although the Trustee initially asserted that Boosalis had assets in the states of Massachusetts, Wyoming, Pennsylvania, Oklahoma, and Oregon, too, he later withdrew that assertion. (*See* Trustee Reply Br. [Doc. No. 194] at 4.)

2

Court of Appeals pending resolution of the appeal." (*See* Trustee Br. in Support of Registering Judgments [Doc. No. 181] at 5-7.) Boosalis generally objects to the Court registering the judgments in other states, on grounds that the Trustee has not "met his burden" of showing good cause (*See generally* Boosalis Br. in Opp. to Registering Judgments [Doc. No. 187].) When it comes to specifics, however, Boosalis does not dispute (1) that he lacks sufficient Minnesota-based assets to cover the full $6.3 million judgment, (2) that he holds assets in the states identified by the Trustee, and (3) that he has neither filed a supersedeas bond nor requested a stay of enforcement pending appeal. (*Id.*) Indeed, the parties' agreement on the relevant facts was made clear at the June 4, 2019 motion hearing. As such, based on the three facts outlined above, in addition to the reasons stated on the record at the motion hearing, the Court finds that good cause exists here.

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Register Judgment Pursuant to 28 U.S.C. § 1963 is [Doc. No. 179] is **GRANTED**; and

2. Plaintiff may register the Court's December 11, 2018 Judgment [Doc. No. 125] and February 19, 2019 Judgment [Doc. No. 148] in the judicial district or districts within the states of California, North Dakota, Arizona, Nevada, Texas, Michigan, North Carolina, Tennessee, Georgia, and Colorado.

Dated: June 11, 2019
s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge