# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas A. Kelley, in his capacity as the PCI Liquidating Trustee for the PCI Liquidating Trust,<br><br>      Plaintiff,<br><br>vs.<br><br>Gus Boosalis,<br><br>      Defendant. | Case No. 18-CV-868 (SRN/TNL)<br><br>**ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DISCOVERY RESPONSES** |

J. Jackson, John Marti, Andrew Brantingham, and Payton George, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for Plaintiff.

Mark K. Thompson, Mkt Law, PLC, 4927 34th Avenue South, 100 Nokomis Professional Building, Minneapolis, MN 55417; Mark A. Schwab and Daniel J. Frisk, Schwab Thompson & Frisk, 820 34th Avenue East, Suite 200, West Fargo, ND 58078; Don R. Grande, Grande Frisk & Carter, 2700 12th Avenue South, Suite A, Fargo, ND 58103, for Defendant.

This matter came before the Court on Plaintiff's Motion to Compel Document Production (Doc. No. 201). Based upon the Motion, supporting papers, and the files and proceedings herein, Plaintiff's Motion to Compel Document Production is **GRANTED**.

**IT IS HEREBY ORDERED THAT:**

1. Defendant shall immediately produce all outstanding documents in Defendant's possession, custody, or control responsive to Plaintiff's discovery requests, including, but not limited to, those documents specifically identified in the Memorandum

of Law in Support of Plaintiff's Motion to Compel Document Production and supporting papers. (*See* Pl. Mem. in Supp. of Mot. to Compel [Doc. Nos. 203 & 204-1].)

2. Defendant shall immediately produce all documents related to his divorce from Karie Boosalis that refer to, relate to, identify, or describe the assets, financial condition, or property of Defendant or Ms. Boosalis (whether alleged to be community, joint, or separate property), or the disposition of any such assets or property.

3. Without limiting the generality of paragraph 1 above, Defendant shall immediately produce all documents referring to, relating to, identifying, or describing the finances or ownership of the entities listed below (including tax returns), and all other documents related to such entities responsive to the Trustee's discovery requests:

   a. Wholesale Fashion Shoes, LLC
   b. Green Cross Nevada, LLC
   c. Arizona Wholesale Fashion Shoes
   d. Shasta Renewable Resources, Inc.
   e. Boosalis Options, LP
   f. Western Capital Partners
   g. Granite Park Management LLC
   h. Transportation Agency Grid, LP
   i. Annabelle Tioga LLC
   j. First Centaur Management, LLC
   k. Southern Plains Resources
   l. Boosalis 5043 LLC

4. Defendant's obligation to produce documents extends to those documents Defendant has a legal right and/or practical ability to obtain from third parties, regardless of whether such documents are in Defendant's immediate personal possession. Defendant must make appropriate requests and other efforts to obtain and produce responsive documents from third-party sources. Without limiting the generality of the foregoing, Defendant shall immediately produce all responsive documents obtainable from:

  a. His accountant, Donald Mankin, CPA, and any other accountant or professional who may possess responsive documents. Without limitation, this production shall include the tax returns specifically identified in Exhibit 13 of the Declaration of Andrew Brantingham (*See* Doc. No. 204-1).

  b. Boosalis Family LLLP.

  c. All banks in which Defendant maintains an account or has maintained an account since September 2010.

  d. All brokerage accounts held or maintained by Defendant since September 2010.

5. To the extent documents identified by Plaintiff are not available, Defendant shall provide a written certification detailing the steps he undertook to search for and obtain the documents.

6. To ensure Plaintiff's ability to confirm complete document production and obtain testimony on all responsive documents, Plaintiff may depose Defendant in two separate sessions of up to seven hours each.

7. In a prior motion to compel hearing, the Court denied Plaintiff's request for reasonable attorneys' fees and costs, granted its motion to compel, and noted that it has long been the Court's practice "to grant motions for fees and costs . . . when there is a

violation of a court order." (*See* Transcript of Mot. Hearing on April 18, 2019 [Doc. No. 173] at 36.) The Court further stated that if "the defense fail[ed] to make full production" as requested in Plaintiff's interrogatories and requests for production, "the Trustee may re-file its motion" for fees and costs. (*Id.*) Defendant has failed to comply with the Court's April 18, 2019 order—which required full production and responses by May 15, 2019—which necessitated Plaintiff's current motion to compel. (*Id.*) Accordingly, the Court holds that Plaintiff is entitled to, and is hereby awarded, his reasonable attorneys' fees and costs incurred in making this Motion to Compel Document Production [Doc. No. 201], as allowed by Federal Rule of Civil Procedure 37(a)(5)(A). These fees and costs include, without limitation, fees incurred (a) in seeking compliance with this Court's prior order, (b) in seeking production of documents sought in Plaintiff's document requests served on Defendant's counsel, (c) efforts to meet and confer prior to bringing the motion to compel, (d) preparing and serving the motion papers, (e) preparing for and attending the hearing on the motion to compel, (f) preparing the proposed order, and (g) all related fees and expenses incurred in bringing the present motion to compel. Plaintiff shall submit a declaration detailing such fees and costs, and the Court will issue a separate order on the matter.

8. Defendant is admonished that failure to comply with this Order may result in further sanctions, potentially including an order holding Defendant in contempt of Court. *See* Fed. R. Civ. P. 37(b).

Dated: October 9, 2019                                  s/Susan Richard Nelson
                                                                            SUSAN RICHARD NELSON
                                                                            United States District Judge