# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas A. Kelley, in his capacity as the PCI Liquidating Trustee for the PCI Liquidating Trust,<br><br>       Plaintiff,<br><br>vs.<br><br>Gus Boosalis,<br><br>       Defendant. | Case No. 18-CV-868 (SRN/TNL)<br><br>**ORDER ON PLAINTIFF'S APPLICATION FOR FEES AND COSTS** |

J. Jackson, John Marti, Andrew Brantingham, and Payton George, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for Plaintiff.

Mark K. Thompson, Mkt Law, PLC, 4927 34th Avenue South, 100 Nokomis Professional Building, Minneapolis, MN 55417; Mark A. Schwab and Daniel J. Frisk, Schwab Thompson & Frisk, 820 34th Avenue East, Suite 200, West Fargo, ND 58078; Don R. Grande, Grande Frisk & Carter, 2700 12th Avenue South, Suite A, Fargo, ND 58103, for Defendant.

This matter is before the Court on Plaintiff's Declaration in Support of Plaintiff's Application for Attorneys' Fees and Costs (Doc. No. 213). In an Order dated October 9, 2019, the Court granted Plaintiff's Motion to Compel Document Production (Doc. No. 201) after Defendant Gus Boosalis failed—for the second time—to respond fully to Plaintiff's post-judgment discovery. (*See* Order Granting Pl. Mot. to Compel [Doc. No. 212].) Within that Order, the Court noted that it had previously commanded Defendant to fully respond to the Plaintiff's discovery requests, and that it had previously warned Defendant that failure to comply would result in a possible award of fees and costs to

Plaintiff for any related motion practice necessary to achieve compliance. (*Id.* at 3–4.) Because Defendant failed to fully respond despite the Court's warning, the Court granted Plaintiff's motion to compel and request for attorneys' fees and costs, and ordered the Plaintiff to submit an affidavit setting forth fees and costs incurred while: (1) seeking compliance with the Court's prior discovery order related to missing document production (Doc. No. 173); (2) seeking production of missing documents; (3) engaging in efforts to meet and confer; (4) preparing and serving motion papers; (5) preparing for and attending the hearing on the motion to compel; and (6) all related fees and expenses incurred in bringing Plaintiff's now-granted motion to compel. (*Id.* at 4.)

On October 23, 2019, Plaintiff filed a Declaration in Support of His Application for Attorneys' Fees and Costs (Doc. No. 213) in which he requests $15,152.00 in attorneys' fees and costs incurred since Defendant's initial post-judgment discovery deadline in May 2019. (Decl. of Andrew Brantingham [Doc. No. 213] at 2.) Plaintiff explained that three partners, one associate, and one paralegal worked on the discovery issues, and provided detailed information about each individual's unique hourly rates based on their experience level (including changes to those rates that began in October 2019). (*Id.* at 2–3.) Plaintiff also attached a spreadsheet showing the date, hours worked, and description of the work done by each individual on the matter. (*Id.*; Brantingham Decl. Ex. A [Doc. No. 213-1].)

The Court has carefully reviewed Plaintiff's Application, including the number of hours involved, the timeframe for which fees and costs are sought, and the work descriptions provided by Plaintiff, in order to ensure that any award of fees and costs is just and reasonable and within the bounds of the Court's prior order. Based on the files,

records, and proceedings herein, the Court concludes that Plaintiff's request is reasonable. Accordingly, **IT IS HEREBY ORDERED** that pursuant to the Court's prior Order (Doc. No. 212) and Plaintiff's Declaration in Support of His Application for Attorneys' Fees and Costs, the Plaintiff is entitled to an award of $15,152.

    **IT IS SO ORDERED.**

Dated: November 1, 2019                 s/Susan Richard Nelson
                                                                     SUSAN RICHARD NELSON
                                                                     United States District Judge